[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12495
Non-Argument Calendar

_____

D.C. Docket No. 8:12-cr-00288-EAK-MAP-4

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALEX CARRAHER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 11, 2018)

Before JORDAN, JULIE CARNES, and HULL, Circuit Judges.

PER CURIAM:

Alex Carraher appeals his 24-month sentence for violating the terms of his

supervised release, in violation of 18 U.S.C. § 3583(g), after being convicted of

conspiracy to possess with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846.  After careful review, we agree with Mr. Carraher that the district court plainly erred by considering drug rehabilitation when determining the length of his sentence.  For that reason, we vacate and remand for resentencing.

# I

Mr. Carraher and seventeen other defendants were involved in a conspiracy to distribute oxycodone.  He pled guilty in 2013 to one count of conspiracy with intent to distribute and, on November 13, 2013, was sentenced to 70 months' imprisonment to be followed by 36 months' supervised release.  He received a reduction of his sentence due to an amendment to the sentencing guidelines' threshold drug amounts and, on January 15, 2016, began his term of supervised release.

In the following months, Mr. Carraher violated the terms of his supervised release several times.  In November of 2016, after admitting to the first five violations of his supervised release, the district court (upon an agreement with the government) postponed adjudication so Mr. Carraher could complete a substance abuse treatment program in Panama City, Florida.

Unfortunately, Mr. Carraher continued to violate the terms of his supervised release.  On April 25, 2017, he was arrested for two new violations, positive tests for marijuana and valium.  He again admitted to violating the terms of his

supervised release on May 19, 2017.  At the sentencing hearing, Mr. Carraher explained that he has been diagnosed with hepatitis C and, as a result, could not take medication for bipolar disorder.  He stated that he "self-medicated" by using marijuana and valium and knew he "messed up."  After allocution, the district court said that Mr. Carraher "need[ed] to have someplace where [he] can have assurance that [he is] going to get [his] hepatitis C treatment, and [he was] also going to be away from all forms of drugs."  D.E. 833 at 11.  The district court continued that the "only place" it could put Mr. Carraher was "prison."  *Id*.  Mr. Carraher's counsel requested a sentence of "a year and a day," but the district court responded "I can't do that he's got to get treatment."  *Id*. at 13.  After that comment, the district court imposed the statutory maximum term of 24 months' imprisonment.

## II

On appeal, Mr. Carraher contends the district court erred by considering rehabilitation in imposing or lengthening his sentence.  In *Tapia v. United States*, 564 U.S. 319, 332 (2011), the Supreme Court prohibited such consideration, holding that "[§] 3582(a) precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation." [1]

---

[1] *Tapia*'s limitation applies only to sentences of imprisonment.  "Sentencing courts are permitted to consider a defendant's rehabilitative needs when imposing sentences of probation or

Mr. Carraher did not make an objection to the consideration of rehabilitation at the sentencing hearing.  Instead, his counsel objected "procedurally—it exceeds the guidelines 14 months" and "substantively" because it was "an excessive sentence in terms of the role behavior."  D.E. 833 at 15.  This did not properly preserve his *Tapia*-based reasonableness objection.  *See United States v. Massey*, 443 F.3d 814, 819 (2006) ("When the statement is not clear enough to inform the district court of the legal basis for the objection, we have held that the objection is not properly preserved.").  Therefore, we review only for plain error.  *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).

We may correct a plain error only when (1) an error has occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings.  *See United States v. Gonzalez*, 834 F.3d 1206, 1218 (11th Cir. 2016).

### III

We have held that "a district court errs when it *considers* rehabilitation when imposing or lengthening a sentence of imprisonment."  *Vandergrift*, 754 F.3d at 1310 (emphasis original).  That is what happened here.  The district court explicitly noted that prison was the place where Mr. Carraher could get Hepatitis C treatment

---

supervised release." *United States v. Alberts*, 859 F.3d 979, 985 n.3 (11th Cir. 2017) (citing *Tapia*, 564 U.S. at 330).

and stay "away from all forms of drugs."  Then, to justify a sentence at the statutory maximum, the court explained that a lower sentence of one year and a day was improper because "he's got to get treatment."  Although, as the government correctly notes, 18 U.S.C. § 3583(g) requires that a sentence of imprisonment be imposed, it appears to us from the sentencing transcript that Mr. Carraher's term was *lengthened* because of the improper consideration of rehabilitation.  *See Vandergrift*, 754 F.3d at 1310 (transcript reflected improper consideration of rehabilitation where the district court considered how prison would benefit the defendant and save his life).[2]

We reiterate, as did the Supreme Court, that "[a] court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs.  To the contrary, a court properly may address a person who is about to begin a prison term about these important matters."  *Tapia*, 564 U.S. at 334.  At Mr. Carraher's original 2013 sentencing proceeding, the district court—quite commendably and, we note, appropriately— did just that.  For example, it discussed the benefits offered by the Bureau of Prisons' electrical vocational program, mental health counseling, and 500-hour

---

[2] The government contends that *Tapia* and *Vandergrift* do not apply to violations of supervised release, citing our decision in *United States v. Brown*, where we stated that "a court may consider a defendant's rehabilitative needs when imposing a specific incarcerated term following revocation of supervised release." 224 F.3d 1237, 1240 (11th Cir. 2000).  The government's argument ignores that we have previously noted that this holding in *Brown* was abrogated by *Tapia*.  *See Vandergrift*, 754 F.3d at 1309.

substance abuse program.  *See also Tapia*, 564 U.S. at 334 ("So the sentencing court [ ] did nothing wrong—and probably something very right—in trying to get Tapia into an effective drug treatment program.").

The contrast between that appropriate discussion in 2013 and the instant sentencing proceeding on May 19, 2017 illustrates the *Tapia* error requiring reversal.  In 2013, the district court clearly considered Mr. Carraher's criminal history, offense conduct, and other § 3553(a) factors in determining sentence length.  Independent from determining sentence length, the district court discussed the substance abuse, mental health, and vocational programs available in prison with Mr. Carraher.  The 2017 sentencing transcript reflects that, this time, "the court may have done more … it may have selected the length of the sentence to ensure that" Mr. Carraher could get treatment—"[a]nd that a sentencing court may not do." *Tapia*, 564 U.S. at 334–35. *See also United States v. Grant*, 664 F.3d 276, 282 (9th Cir. 2011) ("When a judge imposes prison, he may wisely believe that it will have rehabilitative benefits, but those benefits cannot be the reason for imposing it.").

Mr. Carraher has met the first two prongs of plain-error review: the district court clearly erred by considering the need for rehabilitation in imposing his sentence and, after our decision in *Vandergrift*, such error was plain.  *See Alberts*, 859 F.3d at 986 ("[B]ecause our binding precedent clearly precludes consideration

6

of rehabilitation when crafting a prison sentence … that error was plain.") (citing *Vandergrift*, 754 F.3d at 1310).

## IV

Having found error that was plain, we must determine whether that error affected Mr. Carraher's substantial rights and seriously affected the fairness, integrity, or public reputation of judicial proceedings. "In order for an error to have affected substantial rights, it must have affected the outcome of the district court proceedings." *Vandergrift*, 754 F.3d at 1312 (quotation marks omitted). In *Vandergrift*, we explained that a *Tapia* error may not affect substantial rights where consideration of "rehabilitation needs clearly constituted only a minor fragment of the court's reasoning." *Id*. (quoting *United States v. Bennett*, 698 F.3d 194, 201 (4th Cir. 2012)).

Unlike *Vandergrift*, where "[t]he court's primary considerations were for the safety of the public and deterring others from similar conduct," *id*., the district court's primary reason for imposing a sentence at the 24-month statutory maximum appears to have been to get Mr. Carraher treatment. In fact, "treatment" was the only reason given when explaining why the guideline range sentence requested by Mr. Carraher was inappropriate. And, unlike in *Alberts*, here, the district court did not discuss the § 3553(a) factors nor "re-emphasize[] all of these factors" before imposing sentence. *See* 859 F.3d at 989. Mr. Carraher has

7

succeeded in his burden of establishing "a reasonable probability that, but for the error, [his sentence] would have been different." *United States v. Henderson*, 409 F.3d 1293, 1308 (11th Cir. 2005).

We also conclude that Mr. Carraher has met the forth prong of the plain error test. He has shown that the district court plainly erred by considering an impermissible factor and that that improper consideration probably lengthened his prison sentence. This error seriously affected the fairness and integrity of the judicial proceedings in his case and we elect to use our discretion to correct it. *Cf. United States v. Shelton*, 400 F.3d 1325, 1334 (11th Cir. 2005) (district court's treatment of sentencing guidelines as mandatory, contrary to *Booker*, seriously affected the fairness, integrity, and public reputation of proceedings).

## V

For the foregoing reasons, Mr. Carraher has demonstrated plain error by the district court. We must vacate his sentence and remand for resentencing. We express no opinion on the appropriate sentence on remand.

**VACATED AND REMANDED.**